The bill of complaint by John Wasilewski, who conducts a bakery at 320 Magnolia avenue, Elizabeth, New Jersey, alleges that on the 27th day of May, 1935, the Bakers Union, Local No. 64, of Elizabeth New Jersey, caused individuals to walk up and down in front of complainant's place of business carrying large signs upon which were displayed in large letters "This Shop is on Strike." The persons carrying these signs are men who theretofore had not been employed by the complainant. Intending purchasers, according to the proof before me, were accosted by the persons carrying these signs and told not to enter the store because "the shop is on strike," causing at least one of such persons to become "frightened," with the result that she, Mary Girgus, did not enter complainant's place of business. Without extensively *Page 350 
reviewing the proofs before me, it is sufficient to say that it is the uncontradicted proof that complainant has suffered considerable loss of business as a result of the picketing now conducted at his place of business.
The answering affidavits on behalf of the defendant union frankly state that the purpose of the so-called strike is to compel the complainant to adopt the "closed shop" and employ only union labor. The affidavit of William Lance, president of the defendant union, sets forth that complainant had in his employ for some three or four months various employes, some of which were members of the defendant union, and others non-members of the union; that a committee of the union "was appointed for the purpose of trying to induce the complainant to make his shop a union shop and employ only union help." The demand, according to the affiant, was refused by complainant and "* * * Thereupon the defendant union, at a regular meeting passed a resolution that lawful and peaceable picketing be established at the complainant's place of business to advise the public that the complainant's shop was not a union shop." The president of the union further says that "the strike was called on the afternoon of May 27th, 1935, and * * * until the papers in this cause were served a lawful and peaceable picketing was established in front of the complainant's place of business."
No useful purpose would here be served in commenting further upon the proof before me since it is charged and admitted that the so-called strike has for its purpose to force the complainant to adopt the so-called "closed shop." That purpose has been repeatedly denounced as unlawful not only by the courts of this state, but also by the supreme court of the United States and the courts of every other state where the question has been considered. Trade unions are lawful and laudable, in themselves. But any endeavor on their part to establish a monopoly of employment — utterly to deprive other men of an equal right to the opportunity for similar employment in the locality is as indefensible, as unlawful as would be a combination of employers in an agreement that no member of a union would be employed by them. It is absolutely *Page 351 
contrary to the principles of liberty and freedom of opportunity, to the preservation of which this country is dedicated.
It is claimed by the defendants that their sole offense, if any, is what is termed "peaceful picketing" authorized by chapter 207. P.L. 1926 p. 348. This overlooks the fact that picketing is not the only offense with which the defendants are charged. The gravamen of the charge is the admitted demands of the defendants for the closed shop, which demands are unlawful, and so the "strike" called by the defendants being for an unlawful purpose, any act in furtherance thereof, including the picketing complained of, is unlawful. The right of labor unions to persuade and induce by lawful means, employers to employ only union labor, is not denied; but no employer can be lawfully compelled to do so against his will. Elkind Sons, Inc., v. Retail Clerks'International Protective Association, 114 N.J. Eq. 586, and authorities there cited.
The instant case presents an unwarranted interference with the lawful rights of an employer to hire his employes. The evidence does not present a case of a strike by employes of complainant, to advance their interests, and lawfully carried on. If such were the fact, other principles of law would prevail.
This is not a strike of employes, but a striking at complainant's business by the union. It is an effort to force upon the complainant, against his will, the will of the union; to compel him to employ union labor only, and of the union's selection. Blakely Laundry Co. v. Cleaners' and Dyers' Union,Local No. 18422, 11 N.J. Mis. R. 915; 169 Atl. Rep. 541.
The matter is now before me on the return of an order to show cause containing intermediate restraint. Preliminary injunction will issue to restrain defendants from picketing, intimidating and interfering with complainant's employes and his business. *Page 352