In this suit to foreclose a mortgage, defendant Riess prays the court that his mortgage, which appears of record as subsequent to complainant's mortgage, be declared a prior lien on the premises. The circumstances of the transactions involved are as follows:
In 1927, defendant Alfred Herrmann and his wife purchased the premises in question from complainant. They paid complainant the sum of five thousand dollars ($5,000) in cash, the proceeds of a first mortgage executed to one Richard Fink, and gave to complainant a second mortgage in the sum of thirty-five hundred dollars ($3,500).
In 1930, Fink demanded payment of his mortgage and Herrmann arranged with defendant Riess, who was a friend of his, to take up the Fink mortgage. Riess paid the five thousand dollars ($5,000) direct to Fink. Fink executed a *Page 253 
satisfaction of his mortgage and Herrmann and his wife executed a new mortgage for the same amount to Riess, which was recorded the same day.
Riess testified that he knew nothing about the existence of complainant's mortgage until the present foreclosure suit was instituted; that he had always received his interest promptly on his mortgage and that he had at all times supposed that his mortgage was merely a substitution for the Fink mortgage and that he at all times had a first lien on the premises. This defendant is inexperienced in such transactions and I give full credence to his testimony. He is corroborated by the testimony of Fink and his wife, who stated that they understood the transaction to be merely a transfer of their mortgage to Riess and that they supposed the satisfaction executed by Mr. Fink was an assignment.
There was no reason why Riess should have subordinated his mortgage to that of complainant and I find as a fact that Riess paid the five thousand dollars ($5,000) with the mistaken belief that he was receiving the same rights as Fink had. The circumstances bear out this finding in two of the particulars, namely, the simultaneous execution of the mortgage to Riess and the payment direct to Fink. Although the forms executed are not in accordance with the understanding, I am firmly convinced that the parties understood that Riess was taking over Fink's lien.
The equities are all in favor of Riess. He was entitled to a prior lien on making the payment to prevent foreclosure. If the transaction had taken the form of an assignment of the mortgage, the rights of complainant, as holder of a second mortgage, would not have been affected. Had Fink not been paid, complainant would have been compelled to protect its interest by paying off the first mortgage under the threatened foreclosure.
Complainant contends that had it not known that its former second mortgage had become a first mortgage, it would not have allowed an accumulation of unpaid taxes against the property to continue as long as it did, but this alteration of position is a minor matter in comparison with the threatened loss of Riess' entire investment. As heretofore stated, Riess *Page 254 
knew nothing of complainant's mortgage until foreclosure was commenced, so that he cannot be deemed guilty of laches through failure to assert his rights, whereas his rights would have been promptly brought to light had complainant been diligent in compelling payment of the taxes when first in default.
This court has power to rectify such a mistake as that made here.
In the case of Seeley v. Bacon, 34 Atl. Rep. 139, one of the complainants advanced part of the money to take up a first mortgage and a new mortgage was given to her for the amount of her advance. The court says:
"That courts will reinstate a mortgage, the cancellation of which occurred through a mistake of facts is entirely settled. * * * The exertion of the power depends upon equitable considerations. If these complainants had canceled these mortgages with full knowledge of all the facts, they would admittedly have no standing as suitors asking for such a decree. If, however, they did it through a misunderstanding of a fact, then the question is presented, was it such a mistake as, under the circumstances, a court of equity should rectify? Now, that the cancellation occurred by reason of a mistake of facts is undisputed."
The court held that the person making the advance was entitled to a lien on the premises prior to that of an intervening mortgage.
The same principle was applied in the case of InstituteBuilding and Loan Association v. Edwards, 81 N.J. Eq. 359.
A decree will be advised, giving to the mortgage of defendant Riess a priority over that of complainant. *Page 255