JOSEPH FELLER and SIGMUND FELLER, partners trading as S. FELLER & SONS, et al., complainants-respondents,

*v.*

LOCAL 144, INTERNATIONAL LADIES GARMENT WORKERS UNION, et al., defendants-appellants.

[Submitted October 28th, 1936. Decided March 24th, 1937.]

*Messrs. Isserman & Isserman (Mr. Abraham J. Isserman),* (*Mr. Carol King,* of the New York bar, on the brief), for the appellants.

*Mr. Edward A. Schilling, Mr. William A. Schilling* and *Mr. Merritt Lane,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

The question involved in this case is the right of the defendant, a labor organization, to intervene between employer and employes by picketing and thereby inducing the employes of the complainants to leave their employment and join the union of the defendant, and this though no controversy or strike exists in the business places of the complainants.

It is unnecessary to go into the details of the pleadings whereby this issue of law is raised. It is sufficient to say that the complainants, manufacturers in the city of Newark, filed their bill to restrain such interference with their employes. An injunction was granted and subsequently an answer filed declaring a right on the part of the defendant to picket the plants of the complainants and thereby effect the purposes above set forth was struck out.

At the common law, as will be shown by authorities hereafter cited, there is a property right in the services of the employe by the master and a property right by the employe in his employment which cannot be infringed by outside interference. It is an axiom in law that for every wrong there shall be a remedy. Conceding such right at common law, it would seem to be important only to consider whether the right has been in anywise modified by statute or decisions in our courts so as to enable the defendants to maintain the answer which was struck out in the court below.

Legislation upon the subject of labor as between employer and employe has enacted certain modifications of the common law, and appellants contend that by statute the door has been opened to permit the acts complained of and with the purposes claimed, as set forth in the answer, and cite to that end section 1 of chapter 36 of the laws of 1883 (*Comp. Stat. p. 3051*) and chapter 207 of the laws of 1926, page 348. *Cum. Supp. Comp. Stat. 1930 pp. 893, 894.*

The first provides "that it shall not be unlawful for any two or more persons to unite, combine or bind themselves by oath, covenant, agreement, alliance or otherwise, to persuade, advise or encourage, by peaceable means, any person or persons to enter into any combination for or against leaving or entering into the employment of any person, persons, or corporation."

The second provides that "no restraining order or writ of injunction shall be granted or issued out of any court of this state in any case involving or growing out of a dispute concerning terms or conditions of employment, enjoining or restraining any person or persons, either singly or in concert, from terminating any relation of employment or from ceasing to perform any work or labor, or from peaceably and without threats or intimidation recommending, advising or persuading others so to do; or from peaceably and without threats or intimidation being upon any public street or highway or thoroughfare for the purpose of obtaining or communicating information or to peaceably and without threats or intimidation persuade any person or persons to work or abstain from working, or to employ or to cease to employ any party to a labor dispute or to peaceably and without threats or intimidation recommend, advise or persuade others so to do, provided said persons remain separated one from the other at intervals of ten paces or more."

It will be observed that the act of 1883 (*supra*) goes no farther than to permit *agreements* to do the things therein specified. In other words, it relieves against the charge of conspiracy if such agreements are entered into. Whether the effort to carry such agreements into execution is valid must depend on the legality of the acts themselves. That this is the limit of its scope and purpose is evident from the language and is established by the decision of this court in *Jonas Glass Co.* v. *Glass Bottle Blowers' Association*, 77 *N. J. Eq.* 219.

Coming then to the act of 1926 (*supra*), we think no support is found therein for the answer filed by the defendant. The act has no application except in the case of *dispute* concerning terms or conditions of employment. Here there is

no dispute. The appellants, a labor organization, and several persons belonging thereto, are seeking to intervene in the relations between employers and employes to the end that their peaceable, and, for all that appears, satisfactory terms and conditions of employment, may be disrupted, dissatisfaction created among apparently contented employes, and these relations broken up; and this through what has come to be known as picketing and persuasion. This, we think, is not within the right of the appellants.

The precise question was presented to this court in the case of *Snead & Co.* v. *International Moulders' Union of America, 103 N. J. Eq. 332.* There, as here, the defendant was a labor organization asserting the right to picket a business plant where no strike or dispute between employer and employed existed, and in so doing persuade employes to leave their employment, and join the defendant union. An order restraining the defendants from "persuading, soliciting or attempting to persuade or solicit any person employed by the complainant * * * either to join the union or leave complainant's employ," was made and this order was affirmed by the unanimous vote of the court.

It is true that certain very limited picketing in that case was permitted, but the complainant did not appeal and the right to picket in the abstract was not before the court. The important feature of the decision was the declaration by this court of the right of employers where no dispute exists to have their right in their employes' services protected from invasion.

The single question presented in this case is likewise whether a labor organization may picket the business plants of the complainants where no strike exists for the purpose of inducing their employes to leave their employment and join the defendant union. The answer in the court below was in the negative and we think the same answer must be given here.

It was declared by Blackstone, volume 1, page 429, that the master "has an interest in his servant not to be deprived of his services," and in volume 3, page 141, "that the invei-

gling or hiring of the servant which induced a breach of the contract, is an injury to the master for which he shall have an action."

This was the state of the law which we received and adopted in this country, and it is the law to-day in this state except in so far as it has been modified by statute.

The reciprocal right of the servant to be protected against a like persuasion is also established as part of the law of the state. *Brennan* v. *United Hatters, &c., 73 N. J. Law 729.* These rights exist generally throughout our sister states except as modified. *Robinson's Elementary Law 220; Corp. Jur. 1370.*

It is unnecessary, we think, to go into the long line of cases in this and other jurisdictions dealing with disputes arising between employers on the one hand and employes on the other. Assuming the soundness of the foregoing statement of the law generally, it is quite clear that the answer filed (which was struck out and from which action the present appeal is taken) presents no justification for the action by strangers through picketing, persuasion or solicitation to induce employes to leave the service of their employers.

Appellants rely on the recent case of *Bayonne Textile Corp.* v. *American Silk Workers, 116 N. J. Eq. 146,* but this case is not applicable. In it both a dispute and a strike existed and employes of the complainant were members of the labor organization seeking the right to intervene. In such case the statute of 1926 forbids the issuance of an injunction to restrain the acts therein permitted and this court recognized its force. Here neither statute nor the case cited can avail the appellants, and the law declared in the *Snead Case* is controlling.

The order striking out the answer is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, COLE, JJ. 12.

*For reversal*—HEHER, PERSKIE, JJ. 2.