This is a strike case. The complainant is a manufacturer of novelty hats at 242 Thirteenth avenue, Newark, New Jersey, and at the date of the strike on or about November 9th, 1937, employed twenty-five persons including executives. Eighteen of these employes went out on strike as a result of complainant's refusal to sign a closed shop agreement sponsored by the C.I.O. Defendants' affidavits show that these striking employes are members of "United Used Products Workers Local Industrial Union No. 132," a C.I.O. affiliate. Only the striking employes, however, are made defendants in this suit.
On the filing of the bill an order to show cause with limited restraint was advised by Vice-Chancellor Bigelow. There was no restraint against picketing. The cause came on for hearing before me on the return of the order to show cause and application was then made for restraint against picketing. It was then represented to the court, orally, that the strike had terminated by reason of the fact that the complainant had employed other persons to fill all the places vacated by the striking employes and that its business was being conducted normally except for the blocking of ingress and egress to the place of business by the pickets. These representations have since been verified by affidavits filed in the cause. The controversy may, therefore, be disposed of with little difficulty and without considering the merits of the original dispute.
Picketing is a concommitant of a strike. Where no strike exists picketing is unlawful. Gevas v. Greek Restaurant Workers'Club, 99 N.J. Eq. 770, 787; Feller v. Local 144, International,c., Union, 121 N.J. Eq. 452. When a strike ends, the controversy ends, and there is no longer any necessity or excuse for picketing. "A strike is terminated when the places of the strikers have been filled with competent men, and the employer's business is operating in a normal manner and to a normal extent."Oakes, Organized Labor and Industrial Conflicts 418 § 311;Gevas v. Greek Restaurant Workers' Club, supra; Dail-OverlandCo. v. Willys-Overland, Inc., 263 Fed. Rep. 171; affirmed,Quinlivan v. Dail-Overland *Page 595 Co., 274 Fed. Rep. 56; Samuel Hertzog Corp. v. Gibbs
(Mass.), 3 N.E. Rep. 2d 831; Moore Drop Forging Co. v.McCarthy, 243 Mass. 554; 137 N.E. Rep. 919; M. Steinert SonsCo. v. Tagen, 207 Mass. 394; 93 N.E. Rep. 584; Allen v.Amalgamated Meat Cutters and Butchers Workmen of North America
(California superior court, No. 418102, November 5th, 1937).
The restraints already imposed will be broadened to include restraint against all picketing. *Page 596