These conclusions are written for the purpose of an appeal. They are in substance the same as contained in a letter written to counsel advising them of my decision.
This matter comes before me on the return of an order to show cause why the defendants should not be enjoined from certain strike activities including picketing the complainant's place of business. *Page 385 
There would seem to be only two questions involved in this controversy; first, is picketing to induce an employer to sign a closed shop contract lawful; and second, is picketing lawful where there is no strike, the strike having ended by the employment of new employes to take the place of all the strikers, and the business being continued normally. The answer to both these questions is in the negative.
Some point is made by counsel for the defendants of an alleged controversy respecting wages, but the wages paid the striking employes were those agreed upon between employer and her employes. Not being bound by contract with the union the employer had a perfect right to negotiate individually with its employes, and the sought-for reduction in wages had not been effected when the strike was called. If authority for this conclusion is necessary I refer counsel to Feller v. Local No. 144, c.,121 N.J. Eq. 452; Wasilewski v. Bakers' Union, Local No. 64,118 N.J. Eq. 349; Jordan's Wearing Apparel, Inc., v. Retail SalesClerks' Union, 193 Atl. Rep. 807; International Ticket Co. v.Wendrich, 122 N.J. Eq. 222; affirmed, 123 N.J. Eq. 172; CanterSample Furniture House, Inc., v. Retail Furniture Employes'Local 109, 122 N.J. Eq. 575; Evening Times Printing andPublishing Co. v. American Newspaper Guild, 124 N.J. Eq. 71;Mode Novelty Co. v. Taylor, 122 N.J. Eq. 593. I will advise an order in accordance with my conclusions herein expressed. *Page 386