The bill prays an injunction against picketing. Complainant is in the business of conducting professional baseball games in Newark. In June, 1938, its ticket sellers, members of defendant local union, went on strike. The union picketed complainant's ball park until the close of the season in September of that year. The next spring, the Essex Trades Council, on behalf of the strikers, approached complainant with the suggestion that it reinstate the men as a preliminary step to be followed by negotiations concerning their alleged grievances. Complainant refused and thereupon picketing was resumed and continued until stopped by an interlocutory injunction in this cause.
In New Jersey, picketing is unlawful except as an incident of a strike or lockout. Feller v. Local 144, c., 121 N.J. Eq. 252.
"When a strike ends, the controversy ends, and there is no longer any necessity or excuse for picketing. `A strike is terminated when the places of the strikers have been filled with competent men and the employer's business is operating in a normal manner and to a normal extent.'" Mode Novelty Co. v.Taylor, 122 N.J. Eq. 593. The only question in this case is whether the strike had ended at the time the bill was filed. *Page 522 
The rule enunciated by Vice-Chancellor Berry in the last cited case, grows from the concept of a striker as one who expects to get back his old employment. If he obtains a new job, one which he hopes to retain permanently, he is no longer a striker. Similarly, if the employer discharges the striker, absolutely and finally, so that he cannot get back his old job, even if he abandon the strike, then he is a striker no longer. There may often be difficulty, of course, in determining whether this situation exists. The mere utterance, "I discharge you," would not be conclusive or even persuasive, for that word may not be final. But when the employer fills the positions of the strikers, it begins to look as if the strike were at an end. Yet it may be that the employer has not really, but only colorably, filled their positions. A strike is not terminated by the mere hiring of strike breakers. Payment to the new men of unusually high wages, employment from day to day only, lack of skill in the work they are supposed to do, would be indications that the places are not actually filled.
Again, even if the employer succeeds in collecting anew a competent force, the strike is not necessarily over. Strike and picketing are a means of bringing economic pressure to bear on the employer in order to induce him to listen to the pleas of his men. The pickets attempt both to dissuade workmen from taking the places of the strikers and to dissuade the public from patronizing the employer. Newark Ladder and Bracket Sales Co.,Inc., v. Furniture Workers Union, c., 125 N.J. Eq. 99. Though the strikers' places are filled, they may still win if a sympathetic public substantially reduce their purchases from the employer. Pressure so exerted may move him to reinstate the strikers; the strike is not yet at an end. As was said by Chief-Justice Maltbie in Loew's Enterprises v. InternationalAlliance (Conn.), 6 Atl. Rep. 2d 321; 122 A.L.R. 1287:
"The underlying test is whether or not there is longer any reasonable expectation that the picketing can accomplish a legitimate purpose which it seeks to bring about. The fact that the employer has proven his ability despite the efforts of labor to carry on his business in the usual and normal course, would go far to sustain a finding *Page 523 
that this is not so. But under this test, the mere fact that the employer has been able to secure and maintain a full complement of employes and to operate his plant normally would not, of itself, justify a conclusion that the picketing had become unjustifiable if he still continued to suffer seriously from loss of patronage." That is what I understand was indicated, in theMode Novelty Co. Case, by the last phrase quoted from Vice-Chancellor Berry's opinion — business operating "to a normal extent." The authorities cited in the opinion are to that effect.
The proofs before me show that complainant has been able to engage the services of competent ticket sellers and to carry on its business with normal patronage. The strike was over when the bill was filed and the picketing no longer served a useful purpose. Let there be a permanent injunction.
The decree should be so worded as not improperly to embarrass the defendants if a new controversy arises. Counsel in another cause recently before me, with this thought in view, drafted a clause somewhat as follows: This decree shall not restrain the defendants in the event new matters arise justifying picketing; however, if such matters occur within six months, defendants must apply to the court to open this decree; and if they occur after six months, the defendants need not so apply.