JOSEPH FELLER and SIGMUND FELLER, partners trading as S. FELLER & SONS, et al., complainants-respondents,

*v.*

LOCAL 144, INTERNATIONAL LADIES GARMENT WORKERS UNION, et al., defendants-appellants.

[Argued February term, 1941. Decided May 1st, 1941.]

*Messrs. E. A. & W. A. Schilling (Mr. William A. Schilling,* of counsel), for the complainants-respondents.

*Messrs. Isserman, Isserman & Kapelsohn (Mr. Abraham J. Isserman,* of counsel), for the defendants-appellants.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

A permanent injunction, after final hearing, was entered in the Court of Chancery. The defendants coming under the ban of the restraint are the appellants here, viz., International Ladies' Garment Workers Union, Harry Wander, a union manager, and Peter Detlefsen, an organizer. The scope of the restraint is very broad and enjoins the defendants from (a) "congregating, collecting, gathering, parading, patrolling, loitering or picketing at or near" the premises of the several complainants; the term "picketing" is defined in the decree to include "carrying any placard or banner of any kind or description on a public highway; (2) distributing any handbills, leaflets or other printed matter on a public highway; (3) holding any meeting of any kind on a public highway;" "(b) going either singly or collectively to the homes of any employe of the complainants unless invited by such employes; (c) ordering, commanding, directing, assisting, aiding or abetting in any manner whatsoever any person or persons, to attempt to commit or to commit any or either of the aforesaid acts."

The learned Vice-Chancellor in his determination of the main question relied upon our opinion in an earlier appeal in this same case, submitted at the October term, 1936 (*Feller* v. *Local 144, &c., 121 N. J. Eq. 452*). There the principle was laid down that a labor organization has no right to picket the plant of an employer of labor in the absence of controversy between the employes and the management. Since that time, however, this principle has been overruled by several pronouncements of the federal Supreme Court. The case of *Thornhill* v. *Alabama, 310 U. S. 88,* and *Carlson* v. *California, 310 U. S. 106,* passed on the principal involved and are controlling. These cases held that a statute (*Thornhill Case*) or ordinance (*Carlson Case*) which prohibited picketing and the carrying of placards was unconstitutional; that such regulation was an unconstitutional restraint on freedom of speech

and of the press. That same court, in its determination of the case of *A. F. of L. et al.* v. *Swing et al., 61 Sup. Ct. Rep. 568,* reversed a decree of the Illinois State Court which enjoined picketing of the respondent's establishment, there being no strike or dispute between management and employes and where the picketing was done by those who were strangers to the management but were, however, members of a labor union. (*Cf. E. L. Kerns Co.* v. *Landgraf, 128 N. J. Eq. 441; Heine's, Inc.,* v. *Truckdrivers & Helpers Union, Local 676, et al., 129 N. J. Eq. 308;* also *Lora Lee Dress Co., Inc.,* v. *International Ladies Garment Workers Union Local No. 85, 129 N. J. Eq. 368.*

In the case under consideration the appellants admitted at the final hearing that there was no strike at the complainants' plant at the time the bill was filed or at any time thereafter and, further, that no controversy whatever existed between management and employes. Upon this frank admission the court below concluded that an injunction should issue. The complainants offered to prove that at the time the bill was filed picketing was accompanied by disorder and violence. The court declined to hear that evidence because from the time the bill was filed, after which the court by order controlled the number of pickets and enjoined coercive conduct, no proof could be offered, as complainants admitted that the employes "were terrorized or that disorders occurred." The defendants, on the other hand, tendered proof, which was overruled, that the picketing was at all times conducted in a manner entirely peaceful. From this it is evident the court considered that picketing of complainant's premises should be enjoined in the absence of strike or controversy between management and employes, but this rule, as we said above, no longer obtains.

The decree under review should be reversed. The case is remanded to the Court of Chancery.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.