The defendants move to dismiss the bill of complaint or in the alternative, to vacate the restraint which has been imposed, on the ground that the case involves a labor dispute within the meaning of the statute, P.L. 1941 p. 27; R.S. 2:29-77.1, c. If the case does involve such a labor dispute, then the motion should be granted; otherwise, it must be denied.
The complainants are members of Local 195, Amalgamated Clothing Workers of America, and sue not only for themselves but on behalf of such other members as may desire to intervene. The Local, by closed shop contracts, has a virtual monopoly over the supply of tailoring, busheling and alteration labor in retail clothing establishments throughout the metropolitan area of northern New Jersey. The defendant Gerald Chiara, the business agent of the Local, dominates its affairs and so manages them as to portion out large amounts of work to favored members of the Union and to deprive others of opportunity for work. He enforces his will by physical force and violence, and by bringing before the executive committee on charges, members of the Union who have incurred his displeasure. This board he controls. Of the many members whom it has tried on charges preferred by Chiara, not one has been acquitted, but each one has been subjected to a penalty. The complainants have suffered from the tyranny of Chiara and show probable cause for anticipating further injury. Such, summarized, are the charges of the bill. The complainants pray that the defendants, who are the Union, its business agent and other officers, be enjoined from continuing their oppressive practices and also that the Union be required to reinstate those members who have been wrongly or unlawfully suspended or expelled from membership.
Section 8 of the statute defines a case which involves or grows out of a labor dispute and it defines a labor dispute itself. A labor dispute is a controversy which concerns terms *Page 514 
or conditions of employment or employment relations or otherwise arises out of the respective interest of employer and employee. Or which concerns the association or representation of persons in negotiating or arranging such matters. The disputants need not be employer and employee of each other. The general meaning of the first group of terms requires no comment. An example of a dispute over "association or representation" is Isolantite v. UnitedElectrical, c., Workers, 130 N.J. Eq. 506, which was a conflict between an A.F. of L. and a C.I.O. union over the representation of employees in collective bargaining. A case in which the disputants were not employer and employees of each other wasFeller v. Local 144, International, c., Union, 121 N.J. Eq. 452; 129 N.J. Eq. 421, where the union in the absence of a strike, picketed certain shops in order to induce the employers to meet union standards of pay and working conditions and to employ union members.
Section 8 is drawn from the Norris-LaGuardia Act,29 U.S.C.A. § 101, c., but the language employed in the definition of a case growing out of a labor dispute has been changed enough by our legislature to make the definition almost unintelligible. Counsel for defendants argues that this part of the section is entirely independent of the definition of a labor dispute: "A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in industry, trade, craft, employment, or occupation." The present case involves persons so engaged; ergo, it grows out of a labor dispute. By the same reasoning, the same conclusion would be reached in a suit to construe a will unless the parties were too old or too young, or too sick to have any occupation. No, this part of the section is subordinate, dependent upon the existence of a labor dispute. The kernel of the section is the definition of a labor dispute.
"The attention of Congress was focused upon disputes affecting the employer-employee relation," said the Supreme Court inColumbia River Packers Association v. Hinton, 315 U.S. 143;62 S.Ct. 520, speaking of the Norris-LaGuardia Act. And it added, "We recognize that by the terms of the statute there may be a `labor dispute' where the disputants do *Page 515 
not stand in the relation of employer and employee. But the statutory classification, however broad, of parties and circumstances to which a `labor dispute' may relate does not expand the application of the act to include controversies upon which the employer-employee relationship has no bearing." See, also, Opera on Tour v. Weber (N.Y.), 34 N.E. Rep. 2d349; Ralston v. Cunningham (Pa.), 18 Atl. Rep. 2d108, and Teller on Labor Disputes § 208, c., and 436.
Defendants point out what I take to be the fact, that the ultimate goal of complainants and other dissatisfied members of the union is employment. If they resign from the union, they will be prevented by force of closed shop contracts, from obtaining work. If they remain in the union, but fail to conciliate the business agent, their employment will be only occasional. Hence, say defendants, the suit does concern the employer-employee relation. I think not. Complainants are not aggrieved by the action of employers, or by the competition of non-union men or of members of other unions. What they seek is fair treatment by their own union. The present suit grows out of the use of the power of a labor union to oppress members of the union itself. It is the same kind of case as Walsche v. Sherlock, 110 N.J. Eq. 223; Harris v. Geier, 112 N.J. Eq. 99, and Cameron v.International Alliance, c., Union No. 384, 118 N.J. Eq. 11;119 N.J. Eq. 577. It is not a controversy concerning the employer-employee relation or in any degree arising out of the respective interests of employers and employees. It is entirely beyond the scope of the statute. The act does not apply to a dispute between members and officers of a labor union concerning the rights of the former and the malfeasances of the latter.
 Motion denied. *Page 516