Complainant is a corporation organized under our Nonpecuniary Corporation Act, its general objects as gathered from its certificate of incorporation being to serve the educational, fraternal, social and moral needs of its members who are American citizens of Ukrainian descent and their families. It owns a building in Jersey City used as a place of assembly and entertainment by its members, which contains an auditorium *Page 116 
or hall and a bar at which beer, wine and liquors are sold daily to members and others. Complainant rents its auditorium or hall to other organizations and individuals for meetings, weddings and social functions and at times it rents the bar in connection therewith and at other times it retains and, in connection with such rentals, operates the bar by its employee for its own profit. Receipts from rentals and from the bar, especially from the latter, represent 95% of complainant's total income including membership dues. Complainant's trustees and officers serve without compensation and it has but one employee whose duties include care of the building, arranging rentals and tending bar.
The defendants are a bartenders' union, a restaurant workers' union, a musicians' union and their officers. Representatives of the defendant labor unions approached officers of the complainant with the request that complainant agree to employ a union bartender, and that when complainant rents its auditorium or hall it insert a provision in its rental agreements with lessees who require the services of musicians, waiters or cooks requiring that the lessees employ for such purposes only members of a labor union. Complainant agreed to consider the unions' request and subsequently rejected it, whereupon the unions placed and have maintained a single picket in front of complainant's building whose sole activity consists of carrying a sign reading "This place is unfair to organized labor." Complainant asserts that the picketing has caused organizations under contract of rental of its auditorium and bar facilities to cancel their contracts and has led supplying companies to refuse to make deliveries to it and it seeks a preliminary restraint against such picketing as unlawful because it jeopardizes the maintenance and use of its building for the objects for which complainant was incorporated and also because complainant has no labor dispute with its single employee.
As late as 1940 it was the view of our Court of Errors and Appeals that a labor organization had no right to picket a place of business in the absence of a controversy between employer and employees (Feller v. Local 144, c., 121 N.J. Eq. 452; VanBuskirk v. Sign Painters, c., 127 N.J. Eq. *Page 117 533) but decisions of the United States Supreme Court overruled that principle by holding in effect that the limitation of that right is an unconstitutional restraint on freedom of speech when the picketing is orderly and peaceful (Thornhill v. Alabama,310 U.S. 88; Carlson v. California, 310 U.S. 106; AmericanFederation, c., v. Swing, 312 U.S. 321. Cafeteria, c., v.Angelos, 320 U.S. 293), and since 1941 our Court of Errors and Appeals has held such picketing to be lawful (Heine's, Inc., v.Truck Driver's, c., Local, 129 N.J. Eq. 308; Feller v. Local144, c., 129 N.J. Eq. 421), and this despite the fact that all picketing is coercive in its nature and is intended so to be.
The principle on which our appellate court ruling is now based applies here although the complainant has but one employee with whom it has no controversy and the picketing is done by a representative of the allied labor unions. Indeed it is difficult to imagine a situation in which limited peaceful picketing resulting from the refusal of the proprietor or operator of a place where any business is conducted to accede to demands of any nature presented to him by representatives of organized labor, is not lawful. To make possible the accomplishment of the laudable objects for which complainant was incorporated, it has engaged for profit in the business of operating a bar and renting its auditorium and thus it has come in contact with labor union representatives ambitious to further the objects for which those unions exist. It was the right of those unions to request complainant to co-operate with them in their endeavor to secure employment for their members and complainant had the right to withhold its consent, but the principle now seems to be established that when complainant withheld its consent the unions had the legal right to tell the public by means of a sign carried by a single picket stationed at complainant's building, that a dispute exists between the unions and complainants in which, from the point of view of the unions, complainant is unfair in refusing to agree to organized labor's demands.
The application for a preliminary restraint will be denied. *Page 118